# EXHIBIT "A"

SPECIAL CIVIL PART SUMMONS AND RETURN OF SERVICE – FORM B - PAGE 2

Plaintiff or Plaintiff's Attorney Information:
Name:
Benjamin Nazmiyal Law Group, P.C.
Address:
209 Main Street, Suite 3A
Fort Lee, NJ, 07024

Telephone No.: (201) 379 - 5507

Roberto Diaz
_____, Plaintiff(s)
versus
Asset Acceptance Capital Corp.,
_____, Defendant(s)

Demand Amount: $ 15000
Filing Fee: $ 50
Service Fee: $
Attorney's Fees: $
TOTAL: $ 15050

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION, SPECIAL CIVIL PART

HUDSON COUNTY
595 Newark Ave
Jersey City, NJ 07306
(201) 795 - 6000

Docket No: DC-010244-12
(to be provided by the court)

## Civil Action
## SUMMONS

(Circle one): ☒ Contract   or   ☐ Tort

**Defendant(s) Information: Name, Address & Phone:**

Asset Acceptance Capital Corp.,
P.O BOX 2036, Warren, MI 48090-2036

Date Served: 05/22/2012

RETURN OF SERVICE IF SERVED BY COURT OFFICER (For Court Use Only)

Docket Number: _____ Date: _____ Time: _____
WM___WF___BM___BF___OTHER___HT_____WT_____AGE_____MUSTACHE_____BEARD_____GLASSES_____
NAME: _____ RELATIONSHIP:_____
Description of Premises: _____

I hereby certify the above to be true and accurate:

_____ Court Officer

RETURN OF SERVICE IF SERVED BY MAIL (For Court Use Only)

I, Maria Garde, hereby certify that on 05/22/2012, I mailed a copy of the within summons and complaint by regular and certified mail, return receipt requested.

_____
Employee Signature

FILED May 15, 2012

Benjamin Nazmiyal Law Group, P.C.
209 Main St.
Suite 3A
Fort Lee, NJ, 07024
(201) 379-5507 – Telephone
(201) 849-5407 – Facsimile
Attorneys for Plaintiff
    Roberto Diaz

# SUPERIOR COURT OF NEW JERSEY
# LAW DIVISION SPECIAL CIVIL PART
# HUDSON COUNTY

| | |
|---|---|
| Roberto Diaz,<br>Plaintiff<br><br>v.<br><br>Asset Acceptance Capital Corp.,<br>Defendant(s). | Docket No.   DC-010244-12<br><br>PLAINTIFF'S COMPLAINT |

Aryeh Pomerantz, Esq.

Plaintiff, complaining of Defendant(s), states as follows:

## COMPLAINT

### Introduction

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, *15 U.S.C. § 1692, et seq.* (hereafter the "FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

### Parties

2. Plaintiff, Roberto Diaz, is an adult residing in Hudson County, New Jersey.

3. Defendant Asset Acceptance Capital Corp. is a business entity regularly engaged in the business of collecting debts in this State with its principal place of business located at P.O. Box 2036, Warren, MI 48090-2036. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

4. Defendant is a "debt collector" as defined by *15 U.S.C. § 1692a(6)* of the FDCPA.

5. Plaintiff is a "consumer" as defined by *15 U.S.C. § 1692a(3)* of the FDCPA.

### Factual Allegations

6. Asset Acceptance Capital Corp. attempted to collect a debt allegedly owed by Plaintiff relating to consumer purchases allegedly owed to Citibank.

7. The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes and falls within the definition of "debt" for purposes of 15 U.S.C. § 1692a(5).

8. In an attempt to collect the debt, Defendant Asset Acceptance Capital Corp.'s employee Jen Rice called on or about July 28, at approximately 11:12 AM, and provided callback number (866) 761-1780.

9. During this call, Asset Acceptance Capital Corp. failed to identify the call as being from a debt collector attempting to collect a debt.

10. Defendant Asset Acceptance Capital Corp.'s employee Jen Rice called again on or about March 08, 2012, at approximately 1:35 PM, and provided callback number (866) 761-1780 and reference number 40181499.

11. During this call, Asset Acceptance Capital Corp. failed again to identify the call as being from a debt collector attempting to collect a debt.

12. Defendant knew or should have known that its actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to insure compliance with said laws.

13. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

14. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## Claims for Relief

Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

The above contacts between Defendant and Plaintiff were "communications" relating to a "debt" as defined by *15 U.S.C. § 1692a(2)* and *1692a(5)* of the FDCPA.

Defendant Asset Acceptance Capital Corp. violated provisions of the FDCPA, including, but not limited to, the following.

The FDCPA § 1692e(11) requires that a debt collector disclose in all communications that the communication is from a debt collector. Defendant failed to identify themselves as debt collectors.

As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages which can be up $1,000, attorney's fees and costs.

Wherefore, Plaintiff respectfully submits that judgment in the sum of $10,000 be entered against Defendants for the following:

(a) That judgment be entered against Defendant for actual damages pursuant to *15 U.S.C. § 1692k(a)(1)*;

(b) That judgment be entered against Defendant for statutory damages pursuant to *15 U.S.C. § 1692k(a)(2)(A)*;

(c) That the Court award costs and reasonable attorney's fees pursuant to *15 U.S.C. § 1692k(a)(3)*; and

(d) That the Court grant such other and further relief as may be just and proper.

Respectfully submitted,           Benjamin Nazmiyal Law Group, P.C.

Attorneys for Plaintiff
Roberto Diaz
By: _____
Aryeh Pomerantz
May 08, 2012

Rule 4:51-1 Certification
The undersigned attorneys for the plaintiff certify that the matter in controversy is not the subject of any other action pending in any Court or a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated. I certify that confidential person identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7b.

Certification

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Date: May 08, 2012         Signature: _____
                                        Aryeh Pomerantz

Benjamin Nazmiyal Law Group, P.C.
2025 Lemoine Ave
Fort Lee, NJ, 07024
(201) 377-3403 – Telephone
(201) 482-8190 – Facsimile

## Out of State Certification

Aryeh Pomerantz, of full age, hereby certifies as follows:

1. Defendant Asset Acceptance Capital Corp., is located at P.O BOX 2036, Warren, MI 48090-2036

2. Asset Acceptance Capital Corp., does not have an address in New Jersey, but is subject to jurisdiction in New Jersey since it does business in the State.

Certification

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Date: 5/10/12           Signature: _____

Benjamin Nazmiyal Law Group, P.C.
209 Main St.
Suite 3A
Fort Lee, NJ, 07024
(201) 379-5507 – Telephone
(201) 849-5407 – Facsimile
Attorneys for Plaintiff
    Roberto Diaz

May 08, 2012

Dear Sir/Madam:

Enclosed please find Plaintiff's complaint.
Additionally, enclosed is a summons and out of state certification for 1 defendant(s).

Very truly yours,
Benjamin Nazmiyal Law Group, P.C.

*[signature]*
Aryeh Pomerantz
For the Firm

**RECEIVED #6**

MAY 15 2012

SUPERIOR COURT OF N.J.
FEE OFFICE
COUNTY OF HUDSON

## THE SUPERIOR COURT OF NEW JERSEY
Law Division, Special Civil Part

## SUMMONS

### YOU ARE BEING SUED!

IF YOU WANT THE COURT TO HEAR YOUR SIDE OF THIS LAWSUIT, YOU MUST FILE A WRITTEN ANSWER WITH THE COURT WITHIN 35 DAYS OR THE COURT MAY RULE AGAINST YOU. READ ALL OF THIS PAGE AND THE NEXT PAGE FOR DETAILS.

In the attached complaint, the person suing you (who is called *the plaintiff*) briefly tells the court his or her version of the facts of the case and how much money he or she claims you owe. You are cautioned that if you do not answer the complaint, you may lose the case automatically, and the court may give the plaintiff what the plaintiff is asking for, plus interest and court costs. If a judgment is entered against you, a Special Civil Part Officer may seize your money, wages or personal property to pay all or part of the judgment and the judgment is valid for 20 years.

You can do one or more of the following things:

1. *Answer the complaint.* An answer form is available at the Office of the Clerk of the Special Civil Part. The answer form shows you how to respond in writing to the claims stated in the complaint. If you decide to answer, you must send it to the court's address on page 2 and pay a $ 15.00 filing fee with your answer and send a copy of the answer to the plaintiff's lawyer, or to the plaintiff if the plaintiff does not have a lawyer. Both of these steps must be done within 35 days (including weekends) from the date you were "served" (sent the complaint). That date is noted on the next page.

AND/OR

2. *Resolve the dispute.* You may wish to contact the plaintiff's lawyer, or the plaintiff if the plaintiff does not have a lawyer, to resolve this dispute. You do not have to do this unless you want to. This may avoid the entry of a judgment and the plaintiff may agree to accept payment arrangements, which is something that cannot be forced by the court. Negotiating with the plaintiff or the plaintiff's attorney will not stop the 35 day period for filing an answer unless a written agreement is reached and filed with the court.

AND/OR

3. *Get a lawyer.* If you cannot afford to pay for a lawyer, free legal advice may be available by contacting Legal Services at ____(201) 792-6363____. If you can afford to pay a lawyer but do not know one, you may call the Lawyer Referral Services of your local county Bar Association at _____(201) 798-2727_____.

If you need an interpreter or an accommodation for a disability, you must notify the court immediately.

La traducción al español se encuentra al dorso de esta página.

_____
Clerk of the Special Civil Part

34a – Summons and Return of Service Special Civil Part (except Landlord/Tenant and Small Claims) Appendix XI-A(1). Rev. 9/3/02   P3/07

Powered by HotDocs®

Printed by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com   800.222.0510   Page 1

## EL TRIBUNAL SUPERIOR DE NUEVA JERSEY
División de Derecho, Parte Civil Especial

### NOTIFICACIÓN DE DEMANDA

### ¡LE ESTÁN HACIENDO JUICIO!

SI UD. QUIERE QUE EL TRIBUNAL VEA SU VERSIÓN DE ESTA CAUSA, TIENE QUE PRESENTAR UNA CONTESTACIÓN ESCRITA EN EL TRIBUNAL DENTRO DE UN PERÍODO DE 35 DÍAS O ES POSIBLE QUE EL TRIBUNAL DICTAMINE EN SU CONTRA. PARA LOS DETALLES, LEA TODA ESTA PÁGINA Y LA QUE SIGUE.

En la demanda adjunta, la persona que le está haciendo juicio (que se llama *el demandante*) da al juez su versión breve de los hechos del caso y la suma de dinero que alega que Ud. le debe. Se le advierte que si Ud. no contesta la demanda, es posible que pierda la causa automáticamente y el tribunal dé al demandante lo que pide más intereses y costas. Si se registra una decisión en su contra, es posible que un Oficial de la Parte Civil Especial (Special Civil Part Officer) embargue su dinero, salario o bienes muebles para pagar toda o parte de la adjudicación, y la adjudicación tiene 20 años de vigencia.

Usted puede escoger entre las siguientes opciones:

1. *Contestar la demanda.* Puede conseguir un formulario de contestación en la Oficina del Secretario de la Parte Civil Especial. El formulario de contestación le indica cómo responder por escrito a las alegaciones expuestas en la demanda. Si Ud. decide contestar, tiene que enviar su contestación a la derección del tribunal que figura en la página 2, pagar un gasto de iniciación de la demanda de $ 15.00     dólares y enviar una copia de la contestación al abogado del demandante, o al demandante si el demandante no tiene abogado. Tiene 35 días (que incluyen fines de semana) para hacer los trámites a partir de la fecha en que fue "notificado" (le enviaron la demanda). Esa fecha se anota en la página que sigue.

### ADEMÁS, O DE LO CONTRARIO, UD. PUEDE

2. *Resolver la disputa.* Posiblemente Ud. quiera comunicarse con el abogado del demandante, o el demandante si el demandante no tiene abogado, para resolver esta disputa. No tiene que hacerlo si no quiere. Esto puede evitar que se registre una adjudicación y puede ser que el demandante esté de acuerdo con aceptar un convenio de pago lo cual es algo que el juez no puede imponer. Negociaciones con el demandante o el abogado del demandante no suspenderán el término de 35 días para registrar una contestación a menos que se llegue a un acuerdo escrito que se registra en el tribunal.

### ADEMÁS, O DE LO CONTRARIO, UD. PUEDE

3. *Conseguir un abogado.* Si Ud. no tiene dinero para pagar a un abogado, es posible que pueda recibir consejos legales gratuitos comunicándose con Servicios Legales (Legal Services) al (201) 792-6363 . Si tiene dinero para pagar a un abogado pero no conoce ninguno puede llamar a Servicios de Recomendación de Abogados (Lawyer Referral Services) del Colegio de Abogados (Bar Association) de su condado local al (201) 798-2727 .

Si necesita un intérprete o alguna acomodación para un impedimento, tiene que notificárselo inmediatamente al tribunal.

Secretario de la Parte Civil Especial

34s – Summons and Return of Service Special Civil Part (except Landlord/Tenant and Small Claims) Appendix XI-A(1). Rev. 9/3/02   P3/07

Powered by HotDocs®

Printed by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com   800.222.0510   Page 1

# TRIAL ADJOURNMENT PROCEDURE
# FOR HUDSON COUNTY

Until further notice, the following procedure is to be followed when requesting an adjournment of a scheduled trial date in the Superior Court, Law Division Civil or Special Civil Part.

Any request for an adjournment in the Law Division Civil is to be made in writing or by FAX [(201) 217-5249], addressed to Antoinette Outwater, Civil Division Manager, attention Tracey Pignatelli, Trial Calendar Coordinator, 583 Newark Avenue, Jersey City, New Jersey, 07306. For a trial date scheduled in the Special Civil Part, the adjournment request is to be directed to Rupert Haller, Assistant Civil Division Manager, attention Donna Koncewicz, Special Civil, again in writing or by FAX [(201) 795-6053]. Requests are to include the following information:

a) Name of case and docket number;
b) Scheduled trial date;
c) Name of party requesting the adjournment;
d) The specific reason(s) for the adjournment; and
e) A representation to the court that the requesting party has informed all other parties of the request for adjournment.

The party requesting the adjournment should first contact all adversaries advising them of the trial readiness problem and attempt to reach an agreement as to when all parties will be ready to proceed with the trial not later than 30 days after the date presently scheduled. This will require all involved persons to contact their respective clients and witnesses. The requesting party should advise in the letter requesting the adjournment that he/she has conversed with all other parties and that they have or have not consented to the adjournment request and/or have or have lot agreed upon a new trial date.

No one should assume that the adjournment request will be granted. Adjournments shall be confirmed or denied by the court by telefax or telephone communication to the party who requested the adjournment. **For your information, your request for any adjournment will be initially acted upon by a court staff person. If you are aggrieved by the determination that is made, you should then request that your application be presented to the Presiding Judge for consideration. In that event, the Presiding Judge will make the ultimate decision on your adjournment request and you will be advised accordingly.** It shall then be the obligation of the requesting party to timely advise all other parties whether the adjournment request was granted or denied and, if granted, to advise of the new trial date fixed by the court.

**All requests for adjournment of hearings, trials and complementary dispute resolution events shall be made to the clerk's office as soon as the need is known, but absent good cause for the delay not less than 5 days before the scheduled court event. (R 6:4-7)**

If an attorney is designated as trial counsel and is actually in trial elsewhere in the Superior Court, Hudson County will mark its case Aready hold≈, subject to counsel's trial availability. Likewise, if an attorney is designated as trial counsel and is scheduled for trial on an older case on the same day but in a different county, then Hudson County will mark its case Aready hold≈, subject to counsel's disposition of the older case.

Effective: May 2003 (revised 03/04/09)                              Peter Bariso, J.S.C.

**CERTIFIED MAIL**

7136 0708 2833 1350 5334

SUPERIOR COURT OF NEW JERSEY
SPECIAL CIVIL PART
HUDSON CTY ADMIN BLDG
595 NEWARK AVE
JERSEY CITY NJ 07306-2394

HUD



Please notify court of disability accommodation needs

Carol
Jeury

HUD-DC-010244-12

ASSET ACCEPTANCE CAPITAL CORP

PO BOX 2036

WARREN          MI   48090-2036